### WERTHEIM v. LEFKOWITZ et al.

### SAME v. RITTER et al.

#### (Circuit Court of Appeals, Second Circuit. March 14, 1916.)

#### Nos. 182, 183.

PATENTS ⬤⟳328—INVENTION—BAG LOCK.

The Wertheim reissue patent, No. 13,886 (original No. 1,074,074), for bag lock, *held* void for lack of invention.

Appeals from the District Court of the United States for the Southern District of New York.

Suits in equity by Ludwig Wertheim against Louis J. Lefkowitz and Abraham Fisher, doing business under the name of Lefkowitz & Fisher, and against Louis Ritter, Jacob Ritter, and Samuel Ritter, doing business as Ritter Bros. Decrees for defendants, and complainant appeals. Affirmed.

The decree of the District Court dismissed the bills of complaint alleging infringement of reissued letters patent No. 13,886 granted February 23, 1915, to the complainant, being a reissue of patent No. 1,-074,074 dated September 23, 1913.

Isaac B. Owens and Patrick A. Bolger, both of New York City, for appellant.

C. P. Goepel, of New York City, for appellees.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The claim of the reissue which is in controversy is the second. It is as follows:

"The combination with a bag and its frames, of the locking device on the frame, a yoke hinged to one frame and having a bend therein whereby it may embrace the locking device and bend down on the side of the opposite frame and a knob on the side of said opposite frame wherewith the yoke is adapted to removably engage for the purpose specified."

We are unable to discover anything approaching "invention in this structure. The two locking knobs were concededly old. The patentee added the hinged yoke of the abandoned claim of the original patent,.

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which is simply used as an additional security to the interlocking balls of the prior art. In other words, this patentee added another locking device to the device then in use. The old device did not give the necessary security and another wellknown locking device was added. This addition did not make a new combination. The old device and the new act independently of each other and produce no new result. It is like the addition of a safety chain to a front door. If the ordinary lock is picked the chain will hold, but there is no combination between the two.

So, too, we can take judicial notice of the fact that ordinary traveling bags and suit cases were in use, long prior to the date of the patent in suit, provided not only with a central lock but also with side snaps and catches to reinforce the lock. It will hardly be contended that it required invention to add these wellknown additional securities to similar structures. The Greenbaum patent for a bag or pocketbook dated April 11, 1905, shows a combination having all the elements of the claim in suit when it is remembered that the claim is not limited to the precise structure shown or to the materials described in the patent. We cannot think that after Greenbaum there was invention in producing the Wertheim lock.

The decree is affirmed.